**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | } } } | |
| **Plaintiff,** | } } | **CIVIL ACTION NO.** |
| **v.** | } } | **COMPLAINT** |
| **HALLIBURTON ENERGY SERVICES, INC.** | } } } | **JURY TRIAL DEMANDED** |
| **Defendant.** | } } } | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of national origin and religion and retaliation and to provide appropriate relief to Hassan Snoubar and Mir Ali.  As alleged with greater particularity below, Defendant Halliburton Energy Services, Inc., discriminated against Hassan Snoubar, a person of Syrian national origin, and Mir Ali, a person of Indian national origin, by subjecting them to harassment which created a hostile work environment because of their national origin and their religion, Muslim. The Commission also alleges that Defendant Halliburton Energy Services, Inc., subjected Snoubar and Ali to different terms and conditions of employment because of their national origin and religion.  The Commission further alleges that Defendant Halliburton Energy Services, Inc., retaliated against Hassan Snoubar by terminating his employment for having opposed what he reasonably believed to be unlawful discriminatory employment practices.

**COMPLAINT**
Page 1

JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. Sections 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Texas.

PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(a) of Title VII, 42 U.S.C. Section 2000e-5(a).

4.      At all relevant times, Defendant, (the "Employer"), has continuously been doing business in the State of Texas and the County of Dallas, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

ADMINISTRATIVE PROCEDURES

6.      More than thirty days prior to the institution of this lawsuit, Hassan Snoubar filed a charge with the Commission alleging violations of Title VII by Defendant.

**COMPLAINT**
Page 2

7.      On February 12, 2018, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated with respect to both Mr. Snoubar and Mr. Ali, and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8.      On May 4, 2018, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

9.      All conditions precedent to the institution of this lawsuit have been fulfilled.

<u>STATEMENT OF CLAIMS</u>

10.      Since at least August 2012, Defendant has engaged in unlawful employment practices towards Hassan Snoubar and Mir Ali in violation of Section 703(a)(1) of Title VII, 42 U.S.C. Section 2000e-2.

11.      Snoubar began working for Defendant as an operator assistant in approximately August 2012.  His job duties included data collection and distribution, preparation of equipment, clean-up, and well repair.

12.      Defendant, one of the world's largest providers of products and services to the energy industry, subjected Hassan Snoubar, a U.S. citizen, to a hostile work environment based on his national origin and religion.

13.      During his employment with Defendant, Snoubar, of Syrian national origin, was subjected to taunts and name calling regarding both his national origin, Syrian, and his religion, Muslim.  During his employment with Halliburton, Mr. Snoubar was frequently called derogatory names by employees such as "camel jockey," was said to be a "terrorist" because of

**COMPLAINT**
Page 3

his ethnicity, and was accused of being associated with ISIS.

14.     Mr. Snoubar reported the offensive and discriminatory conduct to a Supervisor but was told to simply ignore the mistreatment.  Despite the reports about discriminatory conduct and harassment made to supervisory and management personnel to seek cessation and/or intervention by the employer, the Defendant nevertheless failed or refused to take prompt and effective remedial action to prevent or correct the harassment.

15.     Mir Ali, a Muslim of Indian national origin was also an employee of the Defendant and a co-worker of Mr. Snoubar at the relevant time.  Like Mr. Snoubar, Mr. Ali, an operator assistant, was subjected to taunts and name calling about his national origin and religion.  One Halliburton supervisor frequently asked Ali about his "magic carpet."

16.     Snoubar's and Ali's co-workers regularly broadcast derogatory name calling over radio headsets to other workers. One of Defendant's Supervisors used the company radio to refer to both Snoubar and Ali as "terrorist."

17.     Both Snoubar and Ali were regularly made to suffer insults by other employees, including supervisors who criticized their cultural attire, made demeaning remarks about their appearance, identified them with terrorism, and even claimed their "people" engaged in bestiality.

18.     During the employment of Snoubar and Ali, Defendant also subjected them to different terms and conditions of employment because of their national origin and religion. Disparate terms and conditions of employment to which they were subjected include, but are not limited to, job assignments and work-loads.

19.     During the employment of Hassan Snoubar, the Defendant engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3. In

**COMPLAINT**
Page 4

approximately September 2015, Snoubar reported the offensive mistreatment to Defendant's human resources department.  Snoubar also reported to Defendant that he was becoming concerned for his safety. Subsequent to the report to the company's Human Resources office, Defendant suggested that Snoubar should transfer to another location. He was, however, abruptly terminated in retaliation for his complaints shortly after the transfer was suggested and before having a reasonable opportunity to consider the solution given by Defendant.

20.     The effect of the practices complained of in paragraphs 10-19 above has been to deprive Hassan Snoubar of equal employment opportunities and otherwise adversely affect his status as an employee because of his national origin, Syrian, and religion, Muslim.

21.     The effect of the practices complained of in paragraphs 10-19 above has been to deprive Mir Ali of equal employment opportunities and otherwise adversely affect his status as an employee because of his national origin, Indian, and religion, Muslim.

22.     The unlawful employment practices complained of in paragraphs 10-19 above were intentional.

23.     The unlawful employment practices complained of in paragraphs 10-19 above were done with malice or with reckless indifference to the federally protected rights of Hassan Snoubar and Mir Ali.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant Halliburton Energy Services, Inc., its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of national origin, religion, and retaliation.

**COMPLAINT**
Page 5

B.      Order the Defendant Halliburton Energy Services, Inc. to institute and carry out policies, practices, and programs which provide equal employment opportunities for Hassan Snoubar and Mir Ali which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant Halliburton Energy Services, Inc. to make whole Hassan Snoubar by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, reinstatement or front pay in lieu thereof.

D.      Order the Defendant to make whole Hassan Snoubar and Mir Ali by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 10-19 above, including but not limited to job search expenses.

E.      Order the Defendant to make whole Hassan Snoubar and Mir Ali by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 10-19 above, including but not limited to, humiliation, emotional pain and suffering, stress, inconvenience, and loss of enjoyment of life, in amounts to be determined at trial.

F.      Order Defendant Halliburton Energy Services, Inc. pay Hassan Snoubar and Mir Ali punitive damages for its malicious or reckless conduct, as described in paragraphs 10-19 above, in amounts to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper in the public interest.

H.      Award the Commission its costs of this action.

**COMPLAINT**
Page 6

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.


Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ Robert Canino
ROBERT A. CANINO
Regional Attorney
Oklahoma Bar No. 011782

/s/ Suzanne Anderson
SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas Bar No. 14009470

/s/ Joel Clark
JOEL CLARK
Senior Trial Attorney
Texas State Bar No. 24050425

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 South Houston Street 3rd Floor
Dallas, Texas 75202
Tel No. (214) 253-2743
Fax No. (214) 253-2749

**COMPLAINT**
Page 7