**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | } } } | |
| | } | **CIVIL ACTION NO.** |
| **Plaintiff,** | } } | |
| **v.** | } } | **3:18-cv-01736** |
| **HALLIBURTON ENERGY SERVICES, INC.** | } } } | |
| **Defendant.** | } } } | |

_____}

## CONSENT DECREE

This Consent Decree is made and entered into between Plaintiff Equal Employment Opportunity Commission ("EEOC") and Defendant Halliburton Energy Services, Inc. ("Halliburton" or "Defendant") in the United States District Court for the Northern District of Texas, Dallas Division, with regard to the EEOC's Complaint filed in Civil Action 3:17-cv-01736. The EEOC and Halliburton are sometimes referred to as the "Parties." The Complaint is based upon a Charge of Discrimination filed by Hassan Snoubar against the Defendant; Charge No. 450-2016-00032 ("Charge").

The Complaint alleges that Defendant discriminated against Hassan Snoubar (a person of Syrian descent) ("Snoubar") and Mir Ali (a person of Indian descent) ("Ali") by subjecting them to harassment which created a hostile work environment because of their national origin and religion, Muslim. The Commission alleges that Defendant subjected Snoubar and Ali to different terms and conditions of employment because of their national origin and religion. The Commission also alleges that Defendant discriminated against Snoubar by terminating his employment in retaliation for having opposed what he

reasonably believed to be unlawful discriminatory employment practices. Defendant denies the allegations of the Complaint and Charge, and specifically denies that it engaged in discrimination or harassment based on national origin or religion or retaliation against Snoubar or Ali.

The Parties hereto desire to compromise and settle the differences embodied in the Charge and Complaint, and intend that the terms and conditions set forth in this Consent Decree be the final resolution of the allegations in the Complaint and Charge, including all claims for damages, attorneys' fees, and costs.

**NOW, THEREFORE**, in consideration of the mutual promises and agreements set forth herein, the sufficiency of which is hereby acknowledged, the parties agree as follows, the court finds appropriate, and therefore, it is **ORDERED, ADJUDGED AND DECREED** that:

1.      This Court has jurisdiction to enforce the provisions set forth in this Consent Decree.

2.      This Consent Decree resolves all issues in the Charge and Complaint, including all like and related issues, raised in EEOC Charge Number 450-2016-00032 (Hassan Snoubar) and any claims or findings related to aggrieved individual Mir Ali. The Commission does not waive processing or litigating charges or cases other than the above referenced Charge and Complaint.

3.      The Consent Decree does not constitute a finding on the merits of the case, and the Consent Decree shall not be construed as an admission of liability on the part of the Defendant.

4.      Defendant and its successors, and assigns are permanently enjoined from: (a) discriminating against any employee on the basis of national origin or religion; (b)

harassing any employee on the basis of national origin or religion; and (c) retaliating in any way against any person because of opposition to any practice on the basis of national origin or religion or because of the filing of a charge, giving testimony, or assisting or participating in any manner in any investigation, proceeding or hearing related to national origin or religion.

5.     For each year that this Consent Decree is in effect, Defendant agrees to conduct annual training for all of its Human Resources and management and supervisory employees in the Midland and Odessa, Texas locations advising them of the requirements and prohibitions of Title VII of the Civil Rights Act of 1964 ("Title VII").  This training shall include, but not be limited to, the following subjects:

a.     Employment practices or conduct that may constitute national origin harassment and harassment based on religion;

b.     Employer policies and procedures that can and/or will be implemented for the purpose of preventing national origin harassment and religious harassment in the workplace;

c.     The manner by which a work environment that is free from national origin harassment and religious harassment can be established and maintained; and

d.     Reporting processes as to whom and by what means employees can report complaints or ask questions when they believe they have been subjected to national origin or religious harassment in the workplace.

This annual training will also advise employees of the consequences that Defendant can impose upon employees who violate Title VII, and shall include a discussion of the

disciplinary actions that will be taken against supervisors, managers, and employees who are found to have engaged in the following:

  a.  Committed acts of national origin or religious harassment;

  b.  Failed to properly and promptly act on complaints/reports of national origin or religious harassment;

  c.  Failed to properly and promptly act on observations of conduct that may rise to the level of national origin or religious harassment; or

  d.  Otherwise allowed national origin or religious harassment to take place in the workplace.

The annual training shall also encompass a discussion of Defendant's policies on harassment based on national origin and religion.  Such discussion or instruction relating to Defendant's policies shall cover reporting requirements regarding complaints of harassment and the appropriate investigation of national origin harassment claims. The training shall be at least two (2) hours in duration.  Not less than ten (10) days before the training is conducted, Defendant agrees to give written notice to the EEOC as to the date and location of the training, the name and qualifications of the person providing the training, and the substance of the training.  All materials used in conjunction with the training shall be forwarded to the EEOC.  Within thirty (30) days following the training, Defendant shall submit to the EEOC confirmation that the training was conducted and a list of attendees identified by work number.

  6.  Defendant shall impose discipline -- up to and including termination, suspension without pay or demotion -- upon any employee, including any supervisor, human resources employee, or manager who is found to have engaged in discrimination or retaliation on the basis of national origin or religion or permitted any such conduct to occur

in his or her work area or among employees under his or her supervision.  Defendant shall communicate this policy to all human resources employees, supervisors, and managers in the Midland and Odessa, Texas locations.

7.      Defendant shall advise all managers and supervisors in the Midland and Odessa, Texas locations of their duty to actively monitor their worksites for compliance with the company's policy against discrimination on the basis of national origin or religion, and to report any incidents and/or complaints of discrimination, on the basis of national origin of which they become aware directly to Human Resources.

8.      The Defendant shall electronically distribute the Notice appended hereto as Attachment "A" to all employees in the Midland and Odessa, Texas locations, and will post the same Notice on the employee bulletin board at its Midland and Odessa, Texas locations within thirty (30) days after the entry of this Consent Decree.  Defendant will report to the EEOC that it has complied with this requirement within fourteen (14) days after electronically distributing and posting the Notice. The Notice shall remain posted at the Midland and Odessa, Texas locations during the term of this Consent Decree.

9.      Defendant agrees to electronically distribute to each supervisory or management employee, and each new hire at its Midland and Odessa, Texas locations  for the term of this Consent Decree a copy of Halliburton Energy Services, Inc.'s non-discrimination policy and Attachment A.

10.     Defendant agrees to electronically distribute to each supervisory employee at its Midland and Odessa, Texas locations, a copy of Halliburton Energy Services, Inc.'s procedures for reporting and investigating claims of harassment. Defendant agrees to report compliance with this provision to the EEOC within thirty (30) days of the effective date of this Consent Decree.

11.     Defendant agrees to forward to the EEOC on a quarterly basis during the term of this Consent Decree, a log of all employee complaints alleging discrimination or retaliation on the basis of national origin against Defendant arising from the Midland and Odessa, Texas locations, including dates of complaints, names, the nature of the complaint, and the resolution of the complaint.

12.     Defendant agrees to pay a sum total of $275,000.00 (US) in monetary relief to resolve the claims in this case.  The EEOC agrees to present to Defendant and its Legal Counsel the specific amounts to be distributed and the allocations of back wages and 42 USC §1981(a) damages within ten (10) days after the effective date of the Consent Decree. Payments shall be made by Defendant directly to Hassan Snoubar and Mir Ali within fourteen (14) days after the EEOC provides to Defendant written notice of the amounts, allocations, and mailing addresses.

13.      If Defendant fails to tender payments or otherwise fails to timely comply with the terms of paragraph 12 above, Defendant shall:

a.      Pay interest at the rate calculated pursuant to 26 U.S.C. § 6621(b) on any untimely or unpaid amounts; and

b.      Bear any additional costs incurred by the EEOC caused by the non-compliance or delay of the Defendant. The costs will not include any attorneys' fees incurred by the EEOC.

14.     All notices, reports or information to the EEOC required under this Consent Decree shall be submitted to the EEOC electronically at *joel.clark@eeoc.gov* or by certified United States mail at:

Equal Employment Opportunity Commission
Attn:  Sr. Trial Attorney Joel Clark
Dallas District Office
207 S. Houston Street, 3rd Floor
Dallas, Texas  75202

15.     The Parties agree to bear their own costs associated with this action, including attorneys' fees.

16.     Neither the EEOC nor Defendant shall contest the validity of this Consent Decree or the jurisdiction of the federal district court to enforce this Consent Decree and its terms or the right of either party to the Consent Decree to bring an enforcement action upon breach of any term of this Consent Decree by either Party.

17.     The effective date of this Decree shall be the date upon which it is docketed by the Court Clerk upon signature by the Court.

18.     The term of this Decree shall be three (3) years from the effective date.  The Court shall retain jurisdiction to enforce the terms of this Decree until the expiration of the term of the Consent Decree.

Signed October 7, 2019.

David C. Godbey
UNITED STATES DISTRICT JUDGE

**APPROVED AS TO FORM AND CONTENT:**

/s/ Robert A. Canino
ROBERT A. CANINO
Regional Attorney
Oklahoma Bar No. 011782


/s/ Suzanne M. Anderson
SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas Bar No. 14009470


/s/ Joel Clark
JOEL CLARK
Senior Trial Attorney
Texas State Bar No. 24050425

**EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION**
Dallas District Office
207 South Houston Street, 3rd Floor
Dallas, Texas 75202
Tel No. (214) 253-2743
Fax No. (214) 253-2749


**FOR THE DEFENDANT HALLIBURTON
ENERGY SERVICES INC.**


/s/ Kim J. Askew
KIM J. ASKEW
Texas State Bar No. 01391550
K&L Gates, LLP
1717 Main Street, Suite 2800
Dallas, Texas 75201
Tel. No. 214 939-5579
Fax. No. 214 939-5849

## ATTACHMENT A

# NOTICE TO ALL EMPLOYEES

**This NOTICE will be conspicuously posted for a period of three (3) years at the Midland and Odessa, Texas locations and in all places where employment notices are posted in Midland and Odessa, Texas.  It must not be altered, defaced, or covered by any other material.**

**POLICY:** It is the policy of Halliburton Energy Services, Inc. that discrimination is unacceptable and will not be condoned.

**PURPOSE:** It is the purpose of this policy to reaffirm and amplify the position of Title VII of the Civil Rights Act of 1964, as amended, and the Equal Employment Opportunity Commission's guidelines on harassment and to reiterate Halliburton Energy Services, Inc.'s policy on harassment.

**SCOPE**: This policy extends to all employees of Halliburton Energy Services, Inc. both management and non-management.

**DEFINITION:** Discrimination occurs when an employment decision is made based on a person's race, national origin, gender, color, religion, age or disability rather than on legitimate factors.  Harassment is a form of discrimination and includes unwelcome conduct that is based on race, color, sex, religion, national origin, disability, and/or age.  Harassment becomes unlawful where 1) enduring the offensive conduct becomes a condition of continued employment, or 2) the conduct is severe or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile, or abusive.  Offensive conduct may include, but is not limited to, offensive jokes, slurs, epithets or name calling, physical assaults or threats, intimidation, ridicule or mockery, insults or put-downs, offensive objects or pictures, and interference with work performance.

**REPORTING PROCEDURES:**  Any employee who believes that he or she has been subjected to discrimination is expected to report the conduct as soon as possible to either that person's immediate supervisor, any supervisor or manager with Halliburton Energy Services, Inc. or to the Human Resources Department. The Human Resources Department may be contacted at _____ or by telephone at _____. Supervisors and managers who are informed of an alleged incident of discrimination, including harassment, must immediately notify the Human Resources Department.

## **Equal Employment Opportunity Commission**

A person either, alternatively or in addition to reporting such an allegation to company officials, may contact the U.S. Equal Employment Opportunity Commission for the purposes of filing a charge of employment discrimination. The address and telephone number of the U.S. EEOC office is 207 South Houston, Dallas, Texas 75202; (800) 669-4000. Information about your rights and how to file a charge is available on the Internet at www.eeoc.gov.

**INVESTIGATION OF COMPLAINTS**: A complete investigation of each complaint will be undertaken immediately by Halliburton Energy Services, Inc. The investigation may include interviews, inspection of documents, including personnel records, and full inspection of the premises.

**PUNISHMENT FOR VIOLATION:** Employees engaged in discriminatory conduct, including supervisors and managers, can expect serious disciplinary action. After appropriate investigation, any employee, whether management or non-management, who has been found to have discriminated against another employee will be subject to appropriate sanctions, depending on the circumstances, from a written warning in his or her personnel file up to and including termination of employment.

**RETALIATION:** There shall be no retaliation against any employee because that person has opposed what they believe to be unlawful employment practices, or has filed a charge of discrimination, or has given testimony, assistance, or has participated in any manner in any investigation, proceeding or hearing under Title VII of the Civil Rights Act of 1964. Halliburton Energy Services, Inc. will not punish you for reporting discrimination simply because you have made a complaint under the above guidelines.

**PROTECTION OF PRIVACY:** The question of whether a particular action or incident constitutes discrimination requires a determination based on all available facts. Halliburton Energy Services, Inc. will therefore make a concerted effort to protect the privacy of all personnel. Confidential information will be shared on a need-to-know basis to complete the investigation and to deal appropriately with the situation.

**EXCEPTIONS:** There are no exceptions to this policy.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE REMOVED OR DEFACED BY ANYONE. THIS NOTICE WILL BE POSTED FOR A PERIOD OF THREE (3) YEARS.**

Signed this _____ day of _____, 2019.


_____
Date

_____
On Behalf of:
Halliburton Energy Services, Inc.